# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **LISA CLIMMONS**<br>5109 Oak Avenue<br>Dayton, OH 45439 | : <br> : <br> : <br> : | Case No.: 3:21-cv-86 <br><br> Judge: |
| Plaintiff, | : <br> : | |
| v. | : | |
| **JEFFREY L. BECHT, INC.**<br>**dba SIGN DYNAMICS**<br>2781 Thunderhawk Ct.<br>Dayton, OH 45414 | : <br> : <br> : | **COMPLAINT WITH JURY**<br>**DEMAND ENDORSED HEREON** |
| and | : <br> : | |
| **JEFF BECHT**<br>2781 Thunderhawk Ct.<br>Dayton, OH 45414 | : <br> : <br> : | |
| Defendants. | : <br> : | |

Plaintiff, Lisa Climmons ("Plaintiff"), for her complaint against Defendants Jeffrey L. Becht, Inc. dba Sign Dynamics and Jeff Becht (collectively, "Defendants") states as follows:

## PARTIES

1. Plaintiff is a citizen and resident of the state of Ohio who resides at the address stated in the caption above.

2. Defendant Jeffrey L. Becht, Inc. dba Sign Dynamics ("Sign Dynamics") is an Ohio corporation with the registered trade name of Sign Dynamics. Sign Dynamics is an employer within the meaning of Ohio and federal law.

3. Defendant Jeff Becht ("Becht") is the owner of Sign Dynamics. Becht is an employer within the meaning of Ohio law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Counts I, III and V pursuant to 28 U.S.C. § 1331 because these Counts arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

5. This Court has jurisdiction over the state law claims in Counts II, IV and VI pursuant to 28 U.S.C. § 1367 because these Counts are so related to the federal claims over which this Court has original jurisdiction that they form the same case or controversy.

6. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2020.

7. On or about December 10, 2020, Plaintiff received a Notice of Right to Sue from the EEOC.

8. Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of Right to Sue.

9. Plaintiff has met all procedural prerequisites for her claims.

10. Venue is proper in this Division and District pursuant to 29 U.S.C. § 1391(b) because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

## FACTUAL ALLEGATIONS

11. Plaintiff began working for Sign Dynamics in July of 2019.

12. Plaintiff was a loyal and dedicated employee.

13. Almost immediately, Becht began engaging in conduct toward Plaintiff that had

no purpose other than to intimidate and harass her.  For example, on numerous occasions, Becht approached and touched Plaintiff in an unwanted and unwelcome manner because of her gender.

14. Plaintiff felt upset and intimidated by Becht's unwarranted and unwelcome treatment of her.  She cried most nights after returning home from work.  In addition, Plaintiff was regularly mistreated by her co-workers who witnessed Becht's sexual advances toward her and assumed she was receiving favorable treatment at work because of that.

15. In December 2019, Plaintiff approached Becht about the hostile treatment his behavior brought out in her co-workers, but Becht failed to stop his harassing behavior toward Plaintiff.

16. Finally, on February 10, 2020, Plaintiff complained about Becht's sexual harassment to Sign Dynamics' office manager Phyllis, even though Plaintiff feared she was risking her job by doing so.  Instead of taking any action, Phyllis merely shook her head at Plaintiff.

17. Two days after Plaintiff made her complaint to the office manager, Becht fired her.

18. To add insult to injury, Becht then asked Plaintiff to write a letter to Becht's wife and daughter to deny that Plaintiff was having an affair with him.

## COUNT I

### Unlawful Harassment Based upon Gender in Violation of Title VII of the Civil Rights Act, against Sign Dynamics

19. Plaintiff realleges all of the above paragraphs as if fully restated herein.

20. Sign Dynamics subjected Plaintiff to severe and pervasive unlawful harassment that created a hostile work environment.  This harassment occurred because of Plaintiff's gender.

3

21. The conduct that Sign Dynamics forced Plaintiff to endure was objectively offensive and intimidating, and Plaintiff subjectively found it to be offensive and intimidating; and such conduct unreasonably interfered with Plaintiff's ability to perform her job.

22. Because of the severe and pervasive harassment described above, Plaintiff has suffered emotional injury.

23. Sign Dynamics has engaged in a pattern and practice of gender-based discrimination and harassment.

24. Sign Dynamics' above-described conduct was intentional, malicious, willful and wanton in nature.

25. Sign Dynamics' above–described conduct constitutes unlawful gender-based harassment in violation of Title VII of the federal Civil Rights Act.

26. As a direct and proximate result of Sign Dynamics' above-described conduct, Plaintiff has suffered injury and damages for which she is entitled to compensation in an amount to be proven at trial.

## COUNT II

**Unlawful Harassment Based upon Gender
in Violation of Ohio Revised Code §§ 4112.02 and 4112.99,
against Defendants Sign Dynamics and Becht**

27. Plaintiff realleges all of the above as if fully restated herein.

28. Sign Dynamics and Becht subjected Plaintiff to severe and pervasive unlawful harassment that created a hostile work environment. This harassment was because of Plaintiff's gender.

29. The conduct that Sign Dynamics and Becht forced Plaintiff to endure was objectively offensive and intimidating, and Plaintiff subjectively found it to be offensive and

intimidating; and such conduct unreasonably interfered with Plaintiff's ability to perform her job.

30. Because of the harassment described above, Plaintiff has suffered emotional injury.

31. Sign Dynamics and Becht have engaged in a pattern and practice of gender-based harassment.

32. Sign Dynamics' and Becht's above-described conduct was intentional, malicious, willful and wanton in nature.

33. Sign Dynamics' and Becht's above-described actions constitute unlawful gender-based harassment in violation of Ohio Revised Code §§ 4112.02 and 4112.99, as amended.

34. As a direct and proximate result of Sign Dynamics' and Becht's above-described conduct, Plaintiff has suffered injury and damages for which she is entitled to compensation in an amount to be proven at trial.

## COUNT III

### Gender Discrimination
### in Violation of Title VII of the Federal Civil Rights Act,
### against Sign Dynamics

35. Plaintiff realleges all of the above as if fully restated herein.

36. Sign Dynamics discriminated against Plaintiff by engaging in the above described conduct and by terminating her employment on the basis of her gender.

37. Sign Dynamics had no legitimate, non-discriminatory reason for terminating Plaintiff's employment.

38. On information and belief, Sign Dynamics replaced Plaintiff with a less qualified male employee.

39. Sign Dynamics' above-described conduct constitutes gender discrimination in

5

violation of Title VII of the Civil Rights Act, as amended.

40. As a direct and proximate result of the above-described conduct, Plaintiff has suffered injury and damages for which she is entitled compensation in an amount to be proven at trial.

## COUNT IV

### Gender Discrimination in violation of
### Ohio Revised Code §§ 4112.02 and 4112.99
### against Sign Dynamics and Becht

41. Plaintiff realleges all of the above as if fully restated herein.

42. Defendants discriminated against Plaintiff by engaging in the above described conduct and by terminating her employment on the basis of her gender.

43. Defendants had no legitimate, non-discriminatory reason for terminating Plaintiff's employment.

44. On information and belief, Defendants replaced Plaintiff with a less qualified male employee.

45. Defendants' above-described conduct constitutes gender discrimination in violation of Title VII of the Civil Rights Act, as amended.

46. As a direct and proximate result of the above-described conduct, Plaintiff has suffered injury and damages for which she is entitled compensation in an amount to be proven at trial.

## COUNT V

### Unlawful Retaliation in Violation of
### Title VII of the Civil Rights Act,
### against Sign Dynamics

47. Plaintiff realleges all of the above as if fully restated herein.

48. As described above, Plaintiff complained to Sign Dynamics' management about the unlawful gender discrimination and harassment that she endured at the hands of Becht.

49. Sign Dynamics retaliated against Plaintiff for complaining about discrimination and harassment by taking no action to address her complaints and by tacitly approving of Becht's conduct.

50. Sign Dynamics further retaliated against Plaintiff for complaining about discrimination and harassment by terminating her employment.

51. Sign Dynamics has engaged in a pattern and practice of retaliating against employees like Plaintiff, who complain about its unlawful practices.

52. Sign Dynamics' actions were intentional, willful, wanton and malicious in nature.

53. As a direct and proximate result of Sign Dynamics' unlawful retaliatory conduct, Plaintiff has suffered injury and damages for which she is entitled compensation in an amount to be proven at trial.

### COUNT VI

**Unlawful Retaliation in Violation of
Ohio Revised Code §§ 4112.02 and 4112.99
against Sign Dynamics and Becht**

54. Plaintiff realleges all of the above as if fully restated herein.

55. As described above, Plaintiff complained to Sign Dynamics' management about the unlawful gender discrimination and harassment that she endured at the hands of Becht.

56. Defendants retaliated against Plaintiff for complaining about discrimination and harassment by taking no action to address her complaints and by tacitly approving of Becht's conduct.

57. Defendants further retaliated against Plaintiff for complaining about

discrimination and harassment by terminating her employment.

58. Defendants have engaged in a pattern and practice of retaliating against employees like Plaintiff, who complain about their unlawful practices.

59. Defendants' actions were intentional, willful, wanton and malicious in nature.

60. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered injury and damages for which she is entitled compensation in an amount to be proven at trial.

**WHEREFORE,** Plaintiff Lisa Climmons demands judgment in her favor and against Defendants, jointly and severally, as follows:

(a) that Plaintiff be awarded lost wages and benefits,

(b) that Plaintiff be awarded compensatory damages, including damages for emotional distress,

(c) that Plaintiff be awarded punitive damages,

(d) that Plaintiff be awarded prejudgment and post judgment interest in her damages,

(e) that Plaintiff be awarded reasonable attorneys' fees and costs,

and

(f) that Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2245 Gilbert Ave. Suite 101
Cincinnati, OH 45206
513-533-1151
513-533-3554 Fax
deberly@emclawyers.com
Attorneys for Plaintiff Lisa Climmons